JOHN DUKES, Appellant, *v.* REUBEN ROWLEY, Appellee.

APPEAL FROM PEORIA.

The *placita*, or convening order of a court, which shows that the judge was present holding the term, the record showing that business was done by the court, is sufficient; it will be presumed that the other proper and requisite officers were present.

A judgment for taxes, which does not show that the clerk of the Circuit Court has recorded the collector's report, and the certificate of publication, is invalid.

The holder of a tax title must show that the collector's report and certificate of advertisement were properly recorded, that a judgment was rendered, and a precept issued.

A collector's deed is *prima facie* evidence that the land had been properly listed and assessed; this may be rebutted by appropriate evidence.

The judgment must in some other way than by the use of numerals, state the sum for which it is rendered.

It will be presumed that proper proof was made to the Circuit Court, before judgment, that the certificate returned, was made by the publisher of the paper in which it appeared.

THIS was an action of ejectment, by Reuben Rowley against John Dukes, for the recovery of the north-east quarter of section twenty-two, in township eleven north, range six east of the fourth principal meridian, Peoria county.

The declaration was filed at November term, 1857. Trial by jury at November term, 1858; verdict for plaintiff; new trial allowed, and cause continued.

There was a trial by the court at November term, 1859, and a judgment for plaintiff; motion for new trial denied; appeal to Supreme Court allowed. The cause was tried by POWELL, Judge.

The bill of exceptions shows a judgment in the words and figures following, to wit:

" At a Circuit Court begun and held at the court-house in the town of Peoria, in and for the county of Peoria and State of Illinois, on Monday, the twenty-sixth day of May, in the year of our Lord one thousand eight hundred and forty-five, present the Honorable JOHN DEAN CATON, Associate Justice of the Supreme Court of the State of Illinois, assigned to perform the duties of judge of the ninth judicial circuit:" (Here follows a judgment against certain other lands for taxes of 1843.)

*Monday, May 26th, 1845.*

"STATE OF ILLINOIS, }
    PEORIA COUNTY.        }  *ss.*    Whereas, Smith Frye, collector of said county, returned to the Circuit Court of said county, on the twentieth day of January, A. D. 1845, the following tracts and parts of tracts of land, as having been assessed for taxes by the assessor of said county of Peoria for the year 1844, and has also returned that the taxes thereon remained due and upaid on the day of the date of the said collector's return, and that the respective owner or owners have no goods and chattels within this county on which the said collector can levy for the taxes, interest and costs due and unpaid on the following described lands, situated in the county of Peoria, and State of Illinois, to wit:

| Description. | Acres. | Tax. | Costs. |
|---|---|---|---|
| N. W. 17, 11 N., 6 E. | 160 | $3 36 | .40 |
| N. E. 22,  "        " | 160 | 3 36 | .40 |
| part N. E. 24,  "     " | 71 | ac 2 13 | .40 |

And whereas, due notice has been given of the intended application for a judgment against said lands, and no owner hath appeared to make defense or show cause why judgment should not be entered against said lands for the taxes, interest and costs due and unpaid thereon for the year herein set forth : Therefore it is considered by the court, that judgment be and is hereby entered against the aforesaid tracts and parts of tracts of land, in the name of the State of Illinois, for the sum annexed to each parcel or tract of land, being the amount of taxes and costs due severally thereon; and it is ordered by the court that the said several tracts of land, or so much thereof as

shall be sufficient of each of them to satisfy the amount of taxes and costs annexed to them severally, be sold as the law directs."

To which the defendant made the following objections, to wit:

The caption is insufficient.

It doth not show that the officers required to constitute a court were present.

There is, in fact, nothing to show that any *court* rendered the alleged judgment.

Said alleged judgment doth not contain the recitals and set forth the facts required by the statute.

Said alleged judgment is manifestly variant from the report and advertisement of the collector.

Said judgment doth not properly show the amount of tax, interest and costs required by law.

Said judgment is otherwise defective.

Which several objections were overruled by the court, and the said judgment read in evidence.

The plaintiff offered in evidence a precept and the return thereto, in the words and figures following, to wit:

" *The People of the State of Illinois to the Sheriff of Peoria County,* GREETING:

"MONDAY, May 26th, 1845."

Here follows a recital of the judgment set out above, whereto the following certificate and return are appended:

"STATE OF ILLINOIS, }
   PEORIA COUNTY.     } *ss.*   I, Jacob Gale, Clerk of the Circuit Court, within and for the said county of Peoria, do hereby certify that the foregoing is a full and perfect copy of a judgment and order of the said court, made at the May term thereof, A. D. 1845, and of all proceedings had at said term of said court, on or concerning the list of delinquent lands for the taxes of the year 1844, lying in said Peoria county.

          In witness whereof, I have hereunto set my hand and the seal of said
     [L. S.]     court, at Peoria, this seventh day of June, A. D. 1845.
                                        JACOB GALE, Clerk."

"STATE OF ILLINOIS, }
   COUNTY OF PEORIA. } *ss.* By virtue of the foregoing process, I did, with the assistance of the clerk of the County Commissioners' Court of said county, by his deputy, attend at the court-house in the town of Peoria, in said county, on the ninth day of June, A. D. 1845, at the hour of ten o'clock, A. M., and between that time and three o'clock, P. M., of that day, proceeded to sell each lot or parcel of land described in the foregoing list, at public auction, commencing with the first lot therein described, and sold all the lots and tracts (except those on which the taxes were paid to me before sale), to the W. ½

N.E. ¼ of section 32, of township 7 north, 6 east, inclusive; and afterwards, to wit, at three o'clock, P. M., adjourned the sale to ten o'clock, A. M., of the 10th day of June instant; and on June 10th, at ten o'clock, A. M., proceeded to sell in like manner the lands described in said list, from E. ½ N.E. 2, of 8 north, 6 east, and sold to the part N.W. 2 of township 10 north, 8 east, inclusive; and afterwards, at three o'clock of the last mentioned day, adjourned the sale to ten o'clock, A. M., of the 11th day of June instant; and on the 11th day of June, A. D. 1845, at ten o'clock, A. M., proceeded to sell, in like manner, the remainder of the lands described in said list, to the end of Bigelow & Underhill's addition to Peoria, (excepting, also, such lots of said addition as are situated on the south-west quarter of section 9, of township 8 north, 8 east,) and afterwards, at 3 o'clock, P. M., of the last mentioned day, adjourned the sale to ten o'clock, A. M., of the 12th day of June instant; and on the 12th day of June, A. D. 1845, at ten o'clock, A. M., proceeded to sell, in like manner, the lands described in said list, from Morton, Voris & Laveille's addition to Peoria, and sold to the end of said list, inclusive. The lands in the above list were so sold, in the order the same are therein described, by offering the whole tract or lot of land for the amount of taxes and costs due thereon, and striking them off severally to the person or persons who would pay the amount due on each tract of land or town lot for the least number of acres or the least quantity thereof. The said clerk kept a register of said sales, in which was entered each lot or parcel of land exposed to sale by me as aforesaid, the name of the purchaser, his place of residence, and the quantity of land sold.

Dated June 20th, A. D. 1845.          SMITH FRYE, Sheriff.

"Sheriff's return filed June 20th, 1845.          JACOB GALE, Clerk."

To which the defendant made the following objections, to wit:

The precept varies from the judgment.

It doth not set forth the facts and prerequisites required by the statute.

It doth not appear to have been executed and returned in the time and manner required by law.

It doth not show any authority to sell the land in question.

Said precept is uncertain as to the tax, interest and costs to be collected.

Said precept is otherwise defective.

Which said objections were overruled by the court, and said precept was read in evidence.

The said plaintiff then offered in evidence a deed in the words and figures following, to wit:

"Know all men by these presents, that whereas, at the May term, 1845, of the Circuit Court of Peoria county, a judgment was obtained in said court in favor of the State of Illinois, against the following described tract of land, situated in said county of Peoria, and State of Illinois, viz.: The north-east quarter of section twenty-two, in township eleven north of the base line, in six east of the 4th principal meridian, for the sum of three dollars and seventy-six cents, being the amount of taxes, interest and costs assessed upon the said tract of land for the year 1844; and whereas, on the tenth day of June, A. D. 1845, Smith Frye, then sheriff of the county aforesaid, by virtue of a precept issued out of the Circuit Court of the county aforesaid, dated the seventh day of June, A. D. 1845, and to the sheriff of said county directed, did expose to public sale at the door of the court-house in the county aforesaid, in conformity with all the requisitions of the statute in such case made and provided, the tract of land above described, for the satisfaction of the judgment so rendered as aforesaid; and whereas, at the time and place aforesaid, John Elting, of the county of Peoria, and State of Illinois, having offered to pay the aforesaid sum of three dollars and seventy-six cents for the whole of the tract of land above described, which was the least quantity bid for, the said tract of land was stricken off to him at that price; and whereas, the said John Elting did, by his indorsement, under his hand, written on the back of the certificate of purchase to him executed by the clerk of the Circuit Court of Peoria county for the tract of land so sold as aforesaid, at the time of the said sale, said indorsement bearing date the tenth day of June, A. D. 1845, assign the said certificate of purchase to Reuben Rowley, of the city, county and State of New York: Now, therefore, I, Francis W. Smith, sheriff of Peoria county, for and in consideration of the sum of three dollars and seventy-six cents to the sheriff of said county aforesaid in hand paid by John Elting, at the time of the aforesaid sale, and by virtue of the statute in such case made and provided, have granted, bargained and sold, and by these presents do grant, bargain and sell, unto the said Reuben Rowley, as assignee of the said John Elting, his heirs and assigns, the above described tract of land, viz.: the said north-east quarter of section twenty-two, in township eleven north of the base line, in range six east of the 4th principal meridian. To have and to hold, unto him, the said Reuben Rowley, his heirs and assigns, forever; subject, however, to all the rights of redemption provided by law. In witness whereof, I, Francis W. Smith, sheriff as aforesaid, by

virtue of the authority aforesaid, have hereunto subscribed my name and affixed my seal, this twelfth day of December, 1856.

FRANCIS W. SMITH, [SEAL.]
Sheriff of Peoria county, Illinois."

"STATE OF ILLINOIS, ⎱ *ss.*  I certify that, on the 13th day of December,
PEORIA COUNTY. ⎰
in the year of our Lord one thousand eight hundred and fifty six, personally appeared before me, Charles Kettelle, Clerk of the County Court of Peoria county aforesaid, Francis W. Smith, Sheriff of said county of Peoria, who is personally known to me, the said Clerk, to be the identical person whose name is subscribed to the foregoing deed, as having executed the same, and acknowledged that he had executed the said deed for the uses and purposes therein expressed.

᠂    In testimony whereof, I have hereunto subscribed my name and affixed
[L. S.]    the seal of the said court, the day and year above written.

CHARLES KETTELLE, Clerk.
per GEO. H. KETTELLE, Deputy."

To which the defendant made the following objections, to wit:

It varies from the judgment and precept in the recitals and the dates and amounts stated.

No authority to make it to the plaintiff is shown.

It is not shown that the plaintiff was assignee of the purchaser.

Said deed is otherwise defective.

Which objections were overruled by the court, and said deed was read in evidence.

It was admitted that the defendant was in possession of the land in controversy, at the time of the commencement of this suit.

The defendant then offered in evidence a collector's report, in the words and figures following, to wit:

"Report of the collector of taxes for the year 1844.  List of lands and other real estate, situated in the county of Peoria, and State of Illinois, on which taxes remain due and unpaid for the year 1844.

| Patentee. | Present Owner. | Description. | No. of Acres. | Valuation. | Tax. |
|---|---|---|---|---|---|
| Nath'l Lee, | | SE 21 | 160 | $480 | $3 36 |
| Sam'l Rickman, | | NE 22 | 160 | 480 | 3 36 |
| *    * | *    * | *    * | *    * | * | * |

"The costs on each of the above tracts and town lots and part town lots already accrued, is 10 cents.

"Notice is hereby given, that application will be made to the Circuit Court of Peoria county, at the next term thereof, to be held at the court-house in the town of Peoria, within and for the county of Peoria, in the State of Illinois, on the fourth Monday of May next, for a judgment against the lands and

Dukes *v.* Rowley.

town lots above enumerated, for the taxes and costs due thereon for the year 1844, and for an order to sell the lands and town lots for the satisfaction thereof; and all such lands and town lots against which judgment shall be pronounced, will be exposed to public sale at the court-house of said county, on the second Monday next succeeding the said term of the said court, for the amount of taxes and costs due thereon for the year 1844.                        ' SMITH FRYE, Collector for the year 1844.
*"Peoria, January* 15, 1845."

" We hereby certify that the foregoing was duly published on the 15th of January, 1845, in the Peoria Democratic Press, published in Peoria, Peoria county, Illinois, and that the number of transcripts so published corresponds with the number of newspapers printed and distributed for that week.

ZIEBER & SLOAN."

To which the plaintiff objected; but the court overruled the objection, and the said report was read in evidence; to which ruling of the court the plaintiff excepted, and thereupon the defendant made the following points, to wit:

It hath not any proper or sufficient caption.

It doth not show the name of the present owner.

It doth not show that no personal property could be found.

It doth not contain the name of the present owner.

It is not in the form required by law.

It is not made on oath.

It is not certified as the law requires.

The printers' certificate is not sufficient.

The character of Zieber & Sloan is not shown.

Said report is otherwise informal and insufficient, and is not properly filed.

The defendant then offered in evidence an advertisement, and the certificates thereto appended, in the words and figures following, to wit:

" List of lands and other real estate situated in the county of Peoria and State of Illinois, on which taxes remain due and unpaid for the year 1844.

11 NORTH, 6 EAST.

| Patentee. | Present Owner. | Description. | No. of Acres. | Valuation. | Tax. |
|---|---|---|---|---|---|
| *    *    *    * | | *    * | *    * | *    * | * |
| Nath'l Lee, | | SE 21 | 160 | 480 | 3.36 |
| Sam'l Rickman, | | NE 22 | 160 | 480 | 3.36 |
| *        * | *        * | *        * | *        * | * | * |

" The costs on each of the above tracts of land and town lots, and part town lots, already accrued, is 10 cents."

Here follows a recital of the notice, dated Peoria, January 15th, 1845, and signed Smith Frye, collector for the year 1844;

Dukes *v.* Rowley.

also of the certificate signed Zieber & Sloan; as set out above in the collector's report, read in evidence. Then follows a certificate in these words:

"STATE OF ILLINOIS,  }  *ss.*
    PEORIA COUNTY.  }   I, Smith Frye, Collector of said county, do hereby certify that the within tracts and parts of tracts of land and town lots were assessed for taxes in said county for State and county purposes for the year 1844, at the sums respectively in the within list set forth, and that the taxes and costs thereon remain due and unpaid.    SMITH FRYE, Sheriff,
                               Collector of Peoria County for the year 1844.

"*January* 20, 1845."

"Filed in the office of the Clerk of the Circuit Court within and for Peoria county, State of Illinois, January 20th, 1845.    JACOB GALE, Clerk."

To which the plaintiff objected in the same manner as to the collector's report; but the court overruled the objection, and the advertisement was read in evidence. To which ruling of the court the plaintiff excepted, and thereupon the defendant made thereon the following points, to wit:

The name of the present owner is not given.

The taxes, interest, costs, and lands, are not properly stated.

It doth not contain the recitals and matters of fact required by the statute.

It doth not appear to have been properly published.

It is otherwise manifestly uncertain and insufficient, and is in many respects variant from the collector's report.

It is not properly filed.

The defendant then offered in evidence a record from the office of the recorder of deeds for said Peoria county, in the words and figures following, to wit:

Dukes *v.* Rowley.

N. E. 22, TOWNSHIP 11 NORTH, RANGE 6 EAST.

| Grantor. | Grantee. | Description. | Instrument. | Date Inst. | Date Record. | Vol. | Page. |
|---|---|---|---|---|---|---|---|
| E. C. Berry, Auditor. | R. B. Stockton, assignee. | whole tract. | deed. | 1st April, 1825. | 27th Nov. 1826. | C | 29 |
| Danl. Low and wife. | John Alstyne. | do | deed. | 1st Nov. 1834. | 7th Feb. 1835. | D | 219 |
| John Tilson, Jr., and wife. | Daniel Low. | do | deed. | 27th Oct. 1834. | 28th Feb. 1835. | D | 235 |
| United States. | Samuel Rickman. | do | patent. | 15th Dec. 1817. | 14th Oct. 1836. | G | 279 |
| Samuel D. Rickman. | John Cox and William D. Lapeyre. | do | deed. | 30th April, 1818. | 14th Oct. 1836. | G | 279 |
| W. B. Lapeyre and wife, and John Cox. | William R. Barrington. | do | deed. | 10th Sept. 1818. | 14th Oct. 1836. | G | 280 |
| John Alstyne. | Charles F. Moulton and 12 others | do | deed. | 2nd Dec. 1835. | 10th March, 1837. | H | 241 |
| Charles F. Moulton, by att'y, and 12 others. | Lemuel Lamb and Thomas Dunlap. | do | do | 30th April, 1838. | 21st Feb. 1839. | K | 121 |
| L. Lamb and wife, and T. Dunlap and wife. | David H. Nevins and John Alstyne. | do | deed. | 15th Nov. 1844. | 18th Nov. 1845. | Q | 37 |
| Christopher Orr, Sheriff. | L. Lamb and T. Dunlap. | do | deed. | 3rd June, 1842. | 13th Jan'y, 1848. | T | 50 |
| Wm. Hunter and 9 others. | Jane Barrington. | whole tract. | deed. | 28th January, 1852. | 7th August, 1852. | BA | 473 |
| Jane Barrington. | William Hunter and Alexander R. Barrington. | whole tract. | power of att'y. | 27th July, 1852. | 7th August, 1852. | BA | 474 |
| Jane Barrington (by att'ys). | Leonard B. Cornwell. | whole tract. | deed. | 17th Aug. 1852. | 17th August, 1852. | BA | 514 |
| Leonard B. Cornwell. | Jane Barrington. | whole tract. | mortgage. | 17th Aug. 1852. | 18th August, 1852. | No.4 | 521 |
| C. F. Moulton and Cesarine I. Moulton. | David H. Nevins. | | power of att'y. | 9th July, 1836. | 12th July, 1853. | EA | 254 |
| A. R. Barrington, guardian. | Leonard B. Cornwell. | whole tract. | deed. | 15th July, 1853. | 2nd May, 1854. | KA | 120 |
| David H. Nevins and 2 others. | Reuben Rowley. | whole tract. | deed. | 1st June, 1847. | 3rd Oct. 1855. | PA | 373 |
| James T. B. Stapp, Auditor. | John Tilson, Jr., assignee. | whole tract. | deed. | 16th Jan'y. 1834. | 12th Nov. 1855. | PA | 574 |
| Charles F. Moulton, by att'y, and 12 others. | Lemuel Lamb and Thomas Dunlap. | whole tract. | deed. | 30th April, 1838. | 16th Jan. 1858. | WA | 456 |
| Leonard B. Cornwell and wife. | John Dukes. | whole tract. | deed. | 21st July, 1854. | 8th June, 1857. | XA | 109 |

Dukes *v.* Rowley.

To which the plaintiff objected in the same manner as to the report and advertisement; but the court overruled the objection, and the record was read in evidence; to which ruling of the court the plaintiff excepted, and the defendant made the following points thereon, to wit:

This record rebuts any presumption that the present owner of the land, when said tax was assessed, and when said report was made, and when said advertisement was published, was not known.

As the name of the owner is not in the advertisement, he is in no respect concluded by the judgment, but may make any objection whatever upon this trial.

The plaintiff admitted that the defendant had a regular patent title to the land, derived under patent issued by the United States for bounty land in the year 1817 or 1818, at the time of the sale under which the plaintiff claims.

The defendant rested, and the plaintiff offered in evidence an assessment from the assessor's return of the assessment of lands for the purpose of taxation for the year A. D. 1844, and for and in the county of Peoria and State of Illinois, in the words and figures following, to wit:

"Assessor's Book. Peoria County, 1844. Filed in the office of the Clerk of the County Commissioners' Court of Peoria county, Illinois, this fifteenth day of July, A. D. 1844.

WILLIAM MITCHELL, Clerk of said Court."

"Abstract of lands lying in the county of Peoria, State of Illinois, subject to taxation for the year A. D. 1844.

TOWNSHIP 8 NORTH, RANGE 5 EAST.

| Patentee. | Present Owner. | Description. | Sec. | No. Acres. | Value per acre. | Total. | State Tax. | County Tax. | Road Tax. |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | $ | $ | $ cts. | $ cts. | $ cts. |
| | | 11 NORTH, 6 EAST. | | | | | | | |
| Sam'l Rickman. | | N. E. | 22 | 160 | 3 | 480 | 96 | 1 92 | 48 |

"STATE OF ILLINOIS, ⎞
    PEORIA COUNTY. ⎠       I, William M. Dodge, Assessor, within and for the said county, do hereby certify that the within contains a full and perfect assessment of the real and personal property subject to taxation for State, county and road purposes in the said county of Peoria, for the year 1844, so far as the same has come to my knowledge. Given under my hand this fifteenth day of July, in the year of our Lord one thousand eight hundred and forty-four.

WILLIAM M. DODGE."

To which the defendant then and there made the following objections, to wit:

It does not appear that said assessor was duly qualified.

No authority for making such assessment is shown.

Said assessment is not made in the form required by law.

It is otherwise irregular and insufficient.

Which objections were overruled by the court, and said assessment was read in evidence; whereto the defendant excepted.

The plaintiff then, against the objection of the defendant, called Enoch P. Sloan, to prove the character of said Zieber & Sloan, and that the Democratic Press was a newspaper, etc. The defendant objected that such testimony was incompetent, and that the statute allowed no evidence in that behalf but the certificate and any proof which may be made against it. But the court overruled the objections, and said Sloan testified that he was said Sloan, and that he and Zieber were the publishers of the Democratic Press at the time of said advertisement, and that said Democratic Press was a newspaper then published in the city and county of Peoria aforesaid.

The court found the plaintiff guilty, and assessed his damages at one cent.

The defendant moved for a new trial, for the following among other reasons, to wit:

The verdict of the court is against the evidence.

The verdict is against the law of the land.

The court admitted improper evidence for the plaintiff.

The court overruled proper objections made by defendant.

By the law and the evidence, the verdict ought to have been for the defendant.

Assignment of errors:

The verdict and judgment are against the evidence and the law.

The Circuit Court erred in refusing a new trial.

The assessment, the collector's report, the advertisement, the judgment, the precept, and the deed, read in evidence, are respectively erroneous and insufficient.

The proceedings are otherwise insufficient.

N. H. Purple, and C. C. Bonney, for Appellant.

Manning & Merriman, for Appellee.

Walker, J. The questions raised by the assignment of errors, on this record, with two or three exceptions, have been settled by previous decisions of this court, and we deem it unnecessary to again discuss them in this opinion. The first objection raised, which we propose to consider, is, whether the

*placita,* or convening order of the court, is so defective in not stating that the clerk and sheriff were present, as to render all of the proceedings void. It shows that the judge was present holding the term, and we find that the record does show that business was done by the court, and that a record of its proceedings was kept. This is sufficient, if those officers were a constituent part of the court, to raise a presumption that they were present and discharging their duties. The court seems to have been held at the time required by law, and by the judge who was regularly authorized to hold the term, and finding the proceedings regularly entered of record, we must presume that it was all performed by the proper officers. We judicially know that every Circuit Court has these officers, and we know that certain duties are imposed upon them by law, and the conclusion is, that they were present and performed them, when we see they have been discharged.

By the 57th section of the revenue act, (Scates' Comp. 997,) it is required, that the clerk of the Circuit Court, upon the return, shall file the collector's report and the certificate of publication, and record the same in a book to be kept for that purpose, in which he shall enter all judgments, orders, and other proceedings of the court in relation thereto. This is a positive requirement, and its omission will invalidate the judgment. It is a requirement, with others, which confers jurisdiction upon the court. This is required by the statute, and may not be dispensed with. While this is true, the 73rd section of this act makes the collector's deed *prima facie* evidence in all controversies and suits, that the sale was conducted in the manner required by law, that the land was subject to taxation, and had been listed and assessed in the mode required by law, that the taxes were not paid, that the lands had not been redeemed, that they were advertised as required, that it was sold for taxes, and that the grantor in the deed was the purchaser, but does not make it evidence that the report and certificate were recorded. Then, this deed is not evidence that the collector's report and certificate were recorded as required by the statute. It has been held that, notwithstanding this provision, the holder of the tax title must produce a judgment and precept upon which the sale was made, before the deed can be admitted in evidence. This provision only relates to the time, place and mode of conducting the sale, and raises no presumption that the collector's report and certificate of advertisement were recorded, or that a judgment was rendered or a precept issued. These are facts that must be shown by the holder of the tax title, to authorize him to rely on it as title. And for the want of such evidence, the tax deed was improperly admitted in evidence.

Dukes *v.* Rowley.

It was urged, that it did not appear that any tax was assessed against this land, for the non-payment of which, it was sold. That a levy and non-payment of a tax on land are necessary to a sale, is unquestionably true, but the statute has declared, that the collector's deed shall be *prima facie* evidence that the land had been listed and assessed in the time and manner required by law. And to have overcome this *prima facie* presumption created by the statute, the appellant should have rebutted it by evidence that those acts had not been performed. This he failed to do, and the presumption still exists, that the law was complied with in that regard.

By the record in this case, it does not appear that there was employed any words, marks, figures or characters, denoting for what sum the judgment was rendered, or the precept was issued. This, we have repeatedly held, is insufficient to sustain a sale for taxes. The judgment must in some way indicate the amount in dollars and cents, for which the recovery is had. The employment of numerals alone, unexplained, is not sufficient. There is in this case no character, word or mark opposite to the numerals annexed to the description of this land, or at the head of the appropriate column, to indicate the amount they were designed to represent. For the want of such certainty, the judgment was insufficient to authorize the introduction of the tax deed in evidence.

It was objected that the certificate of publication was insufficient, as it failed to show that the persons who signed it were publishers of the newspaper in which the tax list was advertised. The evidence on the trial shows that they were the publishers, and the presumption is that the fact was proved to the court, at the time the case was heard on the application for a judgment, for the taxes. This is certainly true in a collateral proceeding, whatever might be the presumption, if it was questioned in error. There is a certificate of publication, and it is in proper form, except that it does not state that the persons signing it were the publishers of the paper. The court, on the application for an order of sale, had to be satisfied that the certificate returned was made by the printer or publisher of the newspaper, and the statute has not prescribed the mode of proof, and no exclusive mode having been designated, any legitimate evidence of that fact may be received by the court, and the legal presumption is, that such proof was made.

We are unable to perceive any other errors in this record for which the judgment should be reversed. But for that indicated, the judgment of the court below is reversed, and the cause remanded.

*Judgment reversed.*