### CALL vs. DEARBORN and another.

*Tax deed in city of Janesville.*

Under the charter of the city of Janesville, lands therein are sold for taxes upon a judgment and order of the circuit court, and, if they are not redeemed within two years, the city clerk is to execute a deed thereof. *Held,* that a deed so executed, which was otherwise in the ordinary form of tax deeds in this state (prescribed by sec. 50, ch. 22, Laws of 1859), and did not recite or refer to the judgment or order of court under which the sale was made, was invalid.

APPEAL from the Circuit Court for *Rock* County.

Ejectment. The plaintiff claimed under a tax deed executed by the city clerk of the city of Janesville; the form of which will sufficiently appear from the opinion. This deed was ruled out by the circuit court, and judgment rendered for the defendants; from which the plaintiff appealed.

*H. A. Patterson* and *A. A. Jackson*, for appellant.

*J. B. Cassoday*, for respondent.

COLE, J. We think the tax deed was properly ruled out, because there was no reference in the deed to the power under which it was made. The deed was executed by the clerk of the city of Janesville, under the corporate seal of the city, and follows substantially the form prescribed for tax deeds given in section 50, chap. 22, Laws of 1859. The method provided to enforce the payment of delinquent taxes in the city of Janesville is anomalous, or rather quite unlike the system which generally prevails in this state. It is in substance the system which prevails in the state of Illinois. The city treasurer makes and files with the clerk of the circuit court of the county, a report of what taxes remain unpaid, and gives notice that he will apply at the next term of court for a judgment against the lands, lots, and parcels of land mentioned in the report, for the amount of taxes, assessments, costs and charges respectively due thereon. (Chap. 7, City Charter, Private Laws of 1858, chap. 108). The court, when no legal defense is offered by the owners of the property, or by any one interested therein, pronounces judgment against the lands described in the treasurer's report, and orders that such lands be sold for the amount of taxes &c. assessed upon them. It is the duty of the clerk of the court to make out, under the seal of the court, a copy of the treasurer's report together with the order of the court thereon, which constitutes the process under which all the real estate is sold. The judgment, order of court, and

process, therefore, constitute the authority for the sale of the lands for delinquent taxes, in the same manner, that the judgment and execution authorize sheriff's sales in suits at law. If the land is not redeemed within the time limited by the charter, the city clerk is empowered, on the presentation of the treasurer's certificate of sale, to execute, under his hand and the seal of the city, a tax deed to the purchaser. No form of a tax deed is however given by the charter, but since the judgment and order of court constitute the authority to sell, it would seem, in analogy to the general rule which obtains in respect to deeds executed by sheriffs, executors, administrators and trustees, that the tax deed should recite or refer to the judgment and order of court by which the sale was made. In the case of *Robinson v. Hardcastle*, 2 Term R., 241, BULLER, J., says: " I take it to be a clear rule of law on the execution of a power, that the execution must have reference to the power itself." In *Dukes v. Rowley*, 24 Ill., 210, there is a form of a tax deed given, and it will be seen that the judgment of court, and the precept issued therefrom, are clearly referred to, to show by what authority the officer acted in selling the land. See likewise *Baily v. Doolittle*, id., 577 ; *Morgan v. Camp*, 16 id., 175 ; *Lawrence v. Fast*, 20 id., 338 ; *Pitkin v. Yaw*, 13 id., 251. These cases arising in Illinois, whence the system of enforcing the collection of delinquent taxes by judgment of the court was undoubtedly derived by those who drew up the charter of the city of Janesville, are instructive as showing the understanding of the officers of that state as to what the tax deed should contain. They seem to have thought it necessary to the validity of the tax deed, that it should recite the judgment and precept under which the sale was made. And this is in strict analogy to the rule of law above cited from the opinion of Mr. Justice BULLER, to the effect that where an officer acts solely under a power there should be some reference to the power itself on its execution. The form of a tax deed pre-

scribed in the law of 1859 was obviously intended to be used in those cases where the officers act under the power conferred by the statute to sell lands for delinquent taxes, and not when the lands are sold by virtue of a judgment of a court and a precept issuing therefrom.

We therefore think the tax deed ruled out was void upon its face, and that it was properly excluded from the consideration of the jury. And as this deed was the foundation of the plaintiff's title the court rightly directed the jury to find for the defendants. This conclusion renders it unnecessary to notice the other points discussed upon the argument.

*By the Court.*—The judgment of the circuit court is affirmed.