66   407
33a  228

# LEWIS W. THOMPSON

*v.*

# WILLIAM McLAUGHLIN.

1. FORMER DECISION. In *McLaughlin* v. *Thompson*, 55 Ill. 249, this court held the tax title void, because the judgment under which the sale was had included a county tax levied by the county commissioners' court at its June term, 1845, while the act approved March 3, 1845, required it be levied at the March term. That decision was made under the misapprehension that the act referred to was then in force, whereas it did not take effect until September 10, 1845. The tax sale was therefore not invalid on that ground.

2. TAX TITLE—*copy of advertisement and certificate of publication must be filed with report.* On the trial of an action of ejectment, the plaintiff offered in evidence a deed made for the land on a sale in 1846 for the taxes of 1845. The collector's report was also offered, but it did not appear that the collector filed in the court in which he applied for judgment, with his report, a copy of the advertisement of the lands and a certificate of its due publication as required by the statute: *Held,* this was essential to the validity of the tax title.

3. SAME—*preliminary proof to enable party to question tax title.* Where a defendant is in the possession of land with a claim of title, this will be sufficient to bring him within the requirements of section 73 of the revenue act of 1845, and enable him to question the title acquired by a collector's deed.

4. ERROR—*in admission of evidence.* When the court improperly or erroneously admits evidence to prove a certain fact already established or immaterial, and no prejudice could have resulted from it, this court will not reverse for that cause.

5. LIMITATION OF 1839—*sufficiency of proof of possession.* A plaintiff, relying upon a title claimed to have been acquired by virtue of the limitation provided in the first section of the act of 1839, after proving payment of taxes for seven years, in order to show a corresponding possession, proved that in March, 1855, a small house was put upon the land by his procurement, and occupied by a person who paid no rent, and that in February, 1858, the house was moved to adjoining land; that in 1857 the plaintiff, with other persons, had a sub-division of the land made into lots and blocks, the land platted and stakes set in the ground. It also appeared that in 1858 a person, acting for the owners of the other title, commenced breaking the land, placed a house thereon and

leased it to a tenant, who occupied the same; that plaintiff induced the party to stop breaking for a while, but that he afterwards improved most of the land, claiming adversely to the plaintiff: *Held*, that the proof came far short of showing an actual possession by the plaintiff for seven successive years.

6. EVIDENCE—*exclusion of, when no error.* The exclusion or admission of evidence which works no injury to the party complaining, at most, can only be regarded as an immaterial error.

APPEAL from the Circuit Court of Knox county; the Hon. ARTHUR A. SMITH, Judge, presiding.

Messrs. MILLER, FROST & LEWIS, for the appellant.

Messrs. GOUDY & CHANDLER, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was an action of ejectment, brought by Thompson against McLaughlin.

The plaintiff claimed the land in controversy and endeavored to recover, *first*, by virtue of a tax title, and *second*, by virtue of a title established under the first section of the limitation law of 1839.

When this case was before this court at a former term, it was held that this tax title was void, for the reason that the judgment under which the sale for taxes was had included a county tax, levied at the June term, 1845, of the county commissioners' court, instead of at the March term of the court, as required by the 8th section of the revenue law, approved March 3, 1845.

It was at that time regarded by the counsel on both sides, and so assumed by the court without examination, that the aforesaid act of March 3, 1845, was in force at the time of the June session in 1845 of the county commissioners' court.

It has subsequently been discovered by counsel, and is now brought to the notice of the court, that there was a misapprehension in that respect, and that the said revenue act of March 3, 1845, did not go into effect until September 10, 1845;

consequently, the county tax was rightly levied at the June term, 1845, as it was required to be by the revenue law of February 26, 1839, which was the one then in force.

Hence, this tax title is not invalid for the reason assigned by this court in its former decision in *McLaughlin* v. *Thompson*, 55 Ill. 249.

Other reasons are now urged against the validity of the tax title, among which is the one, that it does not appear that the collector filed with the clerk of the circuit court, with his report, a copy of the advertisement together with a certificate of the due publication thereof, as required by section 56 of the revenue act. That section (Scates' Comp. 997,) requires that the collector shall obtain a copy of the advertisement, which the act requires to be published, together with a certificate of the due publication thereof, from the printer or publisher of the newspaper in which the same shall have been published, and shall file the same with the clerk of the circuit court at the term at which the application for judgment and an order of sale is made, together with the report.

The following section, 57, requires the clerk, upon the filing of the report and such certificate of publication, to record the same in a book to be kept for that purpose.

This court decided, in *Dukes* v. *Rowley*, 24 Ill. 210, that such recording of the collector's report and certificate of publication was a positive requirement, and essential to the validity of a tax title.

For the same reason, in order to make out a valid tax title, a copy of the advertisement and a certificate of its due publication must have been filed as required by the statute.

The collector's report here was introduced in evidence, but it does not appear to be accompanied with either a copy of the advertisement or a certificate of its publication. As portions of the judgment and precept offered in evidence, there do appear a copy of the advertisement and a certificate of publication. But it fails to appear from the record that they

were filed at the time required by the statute, or even that they were filed at all.

For this reason we must hold that the instructions against the validity of the tax title, which are complained of, were correct.

It is objected that the court below erred in admitting evidence to show that the defendant occupied under a patent title, in order to bring himself within the requirement of section 73 of the revenue law of 1845, which is as follows: "But no person shall be permitted to question the title acquired by a collector's deed without first showing that he or she, or the person under whom he or she claims title, had title to the land at the time of the sale." Scates' Comp. 1000.

Without stopping to discuss the question of the competency of evidence admitted to prove title, it is sufficient to say, that the defendant was in possession with a claim of title, and this has been held by this court to be sufficient to bring a party within the requirement of the section last cited, to enable him to question the title acquired by a collector's deed. *Curry* v. *Hinman,* 11 Ill. 420.

It is further objected, that the court erred in allowing certain agreements and leases to various tenants, and a power of attorney from William Roach, to be read to the jury.

None of these agreements or leases, nor the power of attorney from William Roach, are material to prove the defendant to be in the position required by the statute in order to question the tax title. The admission of such evidence, then, even if the execution of the papers was not properly proved, had no such tendency, so far as we perceive, to harm the plaintiff, as to make it a fatal error.

In addition to his claim by virtue of a tax title, the plaintiff endeavored to recover by virtue of a title established under the first section of the limitation law of 1839, by the actual possession of and payment of taxes on the land for seven successive years under color of title made in good faith.

The substance of the testimony under the last head was, that the plaintiff paid the taxes for the seven consecutive years from 1855 to 1861, both inclusive, that of 1855 having been paid in March, 1856; that in that month, by procurement of the plaintiff, a small house was moved on the land and occupied by a person who paid no rent, and in February, 1858, the house was moved off upon an adjoining tract of land.

In 1857, the plaintiff, with other persons, had a sub-division of the land made into blocks and lots, the land platted, and stakes driven to indicate the corners. After the house was moved off, while there was nothing on the land save the stakes, in April, 1858, Ford, acting for the heirs of Roach, went on the land with a team, and commenced breaking up the land. At the same time he bought a house, moved it on the land, and leased the land to a tenant, who moved into the house with his family. The next day a written agreement was delivered by the plaintiff to Ford, asking him to stop breaking, and stipulating that the quantity of breaking should be considered the same as if he continued the breaking. Ford then stopped breaking, but he has since improved the most of the lands, and had tenants in possession up to the time this suit was commenced (unless for some intervals between the occupancy of different tenants), claiming adversely to the plaintiff.

This testimony comes short of showing an actual possession of the land by the plaintiff for seven successive years, and thus fails to establish a title acquired under the first section of the limitation law of 1839.

The plaintiff does not claim title under the second section, as there was not payment of taxes for seven successive years while the land was vacant.

It is assigned as error that the court excluded as evidence a judgment rendered in December, 1863, before a justice of the peace, in an action of forcible entry and detainer for the recovery of possession of the premises by the plaintiff from one Fry, a tenant of Ford. The only relevancy of this evidence was as to the possession of Thompson, and had it been

admitted, the whole testimony would have fallen so far short of showing an actual possession of the land by the plaintiff for seven successive years, that, at the most, its exclusion can be regarded as but an immaterial error.

It is claimed that the court erred in refusing to exclude the answers of Esther Wood and William Roach to certain interrogatories in their depositions.

Their answers to the 4th and 13th interrogatories should have been excluded. They were hearsay statements as to James Roach drawing land for his services in the war of 1812, and as to owning land west, but it is not perceived wherein these answers were in any way material, or could unfavorably affect the plaintiff. Had there been any evidence of another James Roach, and a question of identity raised, then, we can see, it might have been otherwise.

Perceiving no sufficient error in the record to require a reversal of the judgment, it must be affirmed.

*Judgment affirmed.*