## Peter Wilding *et al.*

*v.*

## Henry H. Horner.

1. Tax deed—*whether it must be supported by a judgment and precept.* A party relying upon a tax deed as title, must produce a valid judgment against the land for the taxes, and a precept under which the sale was made, in support of the deed.

2. Practice—*of the order of introducing proof.* In such case, however, it is not essential that the judgment and precept shall be first given in evidence, but the party may first introduce his deed, if, upon objection being made, he will offer to follow it up by producing the judgment and precept.

Appeal from the Circuit Court of St. Clair county; the Hon. Joseph Gillespie, Judge, presiding.

This was an action of ejectment, brought in the court below by Henry H. Horner, against Peter Wilding and Henry Zachary. A trial resulted in a judgment in favor of the plaintiff, from which the defendants took this appeal.

Messrs. KASE & DILL, for the appellants.

Mr. WILLIAM H. UNDERWOOD, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

In this case, appellee introduced in evidence, in the court below, a patent for the land in controversy, from the United States Government, to Rufus Spaulding; also a deed from Spaulding to appellee. Appellants then offered a tax deed from the sheriff of St. Clair county, dated the 13th day of August, 1866, to Wilding, for the land in controversy. The deed was, however, excluded, to which appellants excepted; and the refusal of the court below to permit the deed to be read in evidence, is now urged as a ground of reversal.

It appears that appellants simply offered to read this tax deed in evidence without producing the judgment or precept under which the sale was made. It has been uniformly held by this court that, a party relying upon a tax deed as title, must produce a valid judgment against the land for the taxes, and a precept under which the sale was made, before it can be read in evidence. *Hinman* v. *Pope*, 1 Gilm. 131; *Atkins* v. *Hinman*, 2 Gilm. 437; *Bailey* v. *Doolittle*, 24 Ills. 577. These cases are to the point and conclusive of the case under consideration. It is true, that a party is not bound first to introduce his judgment and execution, but if he prefers to first offer the deed, he must, if it is objected to, offer to follow it up by producing a judgment and precept sufficient to warrant a sale for taxes. In this case no such offer was made, and hence the sheriff's deed was properly rejected by the court below. The only warrant a sheriff has to sell lands for

taxes is a valid judgment and precept. A sale by that officer without such authority, would be a nullity, and could not confer any rights on the grantee. The judgment of the court below must be affirmed.

*Judgment affirmed.*