PETER WILLIAMS *et al.*
*v.*
ISAAC UNDERHILL.

1. TAX DEEDS—*judgment and precept required.* The party relying upon a tax deed as title, must produce a valid judgment against the land for the taxes and a precept, under which the sale of the land was made, before the deed can be used in evidence.

2. RULE NOT CHANGED BY ACT OF 1861. Nor has the act of 1861, which requires the defendant to tender the redemption money before he can interpose a defense to a tax deed, changed the rule. Under that law, as before, the plaintiff must show that the sale was made by authority of law.

3. JURISDICTION—*in summary proceedings.* In summary proceedings, like those to subject delinquent lands to a sale for taxes, not only must the authority to sell be made to appear, but it must appear to have been strictly pursued, and no intendments can be indulged to uphold them.

4. CONSTITUTIONAL LAW—*article 9, section 4, of the constitution of* 1848. Section 4, of article 9, of the constitution, was intended as a shield to protect property owners from the effects of harsh legislation, and before a tax deed can be read in evidence, it must be made to appear that the affidavit therein required, has been made and filed.

5. SAME—*shifting burden of proof.* The legislature can not render nugatory the constitutional provision requiring an affidavit of notice to be filed, by legislation which seeks to shift the burden of proof upon the land owner to show that it was not filed.

APPEAL from the Circuit Court of Mason county; the Hon. CHARLES TURNER, Judge, presiding.

Messrs. LACEY & WALLACE, for the appellants.

Mr. O. H. WRIGHT, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an action of ejectment, brought in the Mason circuit court, by appellee against appellants. The title relied upon for a recovery in the court below, were tax titles derived from different sales of the land, and upon which deeds were executed. The first objection urged, is, that there were produced no valid judgments or precepts upon which to base the tax deeds.

A party relying on a tax deed as title, must produce a valid judgment against the land for the taxes and a precept, under which the sale was made, before the deed can be used as evidence, to authorize and sustain a recovery. *Hinman* v. *Pope*, 1 Gilm. 131; *Dukes* v. *Rowley*, 24 Ill. 210; *Baily* v. *Doolittle*, ib. 577; *Holbrook* v. *Dickinson*, 46 ib. 285; *Wilding* v. *Horner*, 50 Ill. 50. Nor has the act of 1861, which requires the defendant to tender the redemption money before he can interpose a defense to a tax deed, changed the rule. Under that law, as before, the plaintiff must show that there was authority to sell the land.

In all cases of the sale of lands under a judgment or decree, the party offering the deed must show the officer had authority to make the sale and deed, and this is done by producing the judgment or decree, and an execution directing the sale, if under a judgment, before a *prima facie* case is made. Even under the law of 1827, which provides that the auditor's tax deed shall vest in the purchaser a perfect title, unless the land should be redeemed according to law, or the former owner shall show that the taxes for which the land had been sold, had been paid or the land was not legally subject to taxation, the authority had to be shown under which the auditor acted in making the sale. *Garrett* v. *Wiggins*, 1 Scam. 337; *Hill* v. *Leonard*, 4 Scam. 141; *Wiley* v. *Bean*, 1 Gilm. 302. The language of the act of 1827, apparently, is as broad and comprehensive as the act of 1861. But in summary proceedings against property of this character, they always require to

be strict, and a court never indulges liberal intendments to uphold them. There is usually no comparison between the price paid and the value of the property thus sold, and hence the party claiming must conform strictly to the law.

The judgment and precept are referred to in the deed as the authority upon which the sale is made, and the deed proves no title until it appears the judgment and precept thus referred to, warranted the action of the officer. We can not believe that the law intended to render a tax deed evidence, although the officer may have made it without any judgment or precept, as in that case there would, or could be, no sale from which a redemption could be made, nor could the amount of the redemption money be deposited with the clerk, as there would be no judgment to refer to for the purpose of ascertaining the amount to tender to the person claiming under the deed, or to be paid to the clerk. If the legislature has the power to impose such terms and conditions upon the assertion of property rights, we are clearly of opinion that it was not designed to dispense with the production of the judgment and precept as a condition precedent to the reading of the deed in evidence to establish title. Such had been the long established and unquestioned practice, and without language more explicit than that employed in this act, we will not infer that a change in that respect was contemplated.

It is again objected that appellee failed to produce an affidavit that the notice required by the constitution had been given. The 4th section of article 9 of the constitution of 1848, declares that no person shall be entitled to a deed for lands purchased at a tax sale, unless he shall file an affidavit that the notice there prescribed had been given as required. This is a right secured to every owner of real estate, that no deed shall be executed for the conveyance of land on a sale for taxes, until this constitutional requirement has been performed. And to give the provision effect, the purchaser or claimant under the deed, when relied upon as title, must be required to make the proof before he can rely upon the deed. To require the

person objecting to it to prove the notice was not given or the affidavit was not made, would be violative of this provision of the constitution, would operate as a virtual repeal, from the great difficulty of proving a negative, and would greatly impair, if not destroy, the protecting shield extended to the owners of real estate, to prevent them from being deprived of their estates by harsh legislation. We have no doubt that the framers of that instrument intended to impose the burden of proving a compliance with this requirement on the claimant under the tax deed. The language can not reasonably bear any other construction.

It, then, follows that the legislature, if they would, could not, by enactment, change the burden of proof, or impose conditions upon the making of the objection that the constitution had not been observed, or that body could wholly defeat this fundamental provision. If such power were possessed by the legislative branch of the government, then the provision could be repealed, or fettered to such an extent that the assertion of its provisions would be more onerous than the loss of the property sold. But the act of 1861 did not, and had it so declared, could not, dispense with the notice, or proof that it was given. Such an enactment, if ever made, would be prohibited by this provision, and be void. *McKenna* v. *Wilson*, 52 Ill. 43. The language of the act of 1861 does not purport to dispense with proof of notice, and hence we will not intend that such was its purpose.

The court below erred in permitting these deeds to be read in evidence, and for this error the judgment of the court below must be reversed, and the cause remanded.

*Judgment reversed.*