(112 N. W. 78.)

---

STATE FINANCE COMPANY v. A. N. BOWDLE, DEFENDANT, AND VALERIA R. MYERS, APPELLANTS.

Opinion filed May 4, 1907.

**Taxation — Assessment of Separate Tracts as One.**

1. An assessment of one tract of land, comprising two smaller tracts owned by different persons whose titles are of record, is a nullity.

**Same.**

2. Each tract of land owned by different parties whose titles are of record must be separately assessed.

**Same — Quieting Title — Tender of Taxes.**

3. Where a tract of land, comprised of smaller tracts owned by different parties whose titles are of record, is assessed in a body in the name of one of the separate owners only, the assessment is inherently defective, and no tender of the taxes justly due is essential to the maintenance of an action to quiet title.

Sup. Ct.—13

**Champerty — Examination of Title.**

4. A deed is not void or champertous, under section 8733, Rev. Codes 1905, where an attorney for the grantee examines the records before the deed is given and discovers defects in tax deeds of record on which title is claimed.

**Deeds — Construction — Effect of Recitals.**

5. A clause in a quitclaim deed to the effect that the grantor makes no representations as to his title is not a disclaimer of title, nor does it show a prior abandonment of the land.

**Taxation — Assessment — Correction — Statutory Provisions.**

6. Section 96, c. 126, p. 292, Laws 1897, and section 92, c. 132, p. 376, Laws 1890, do not apply to division of valuations, where no transfer of the land has been made after assessment of taxes

**Same — Curative Acts.**

7. Chapter 166, p. 232, Laws 1903, does not apply to jurisdictional defects in assessments of real property.

Appeal from the District Court, Stutsman County; *Glaspell, J.*

Action by the State Finance Company against Valeria R. Myers and others. From a judgment in favor of plaintiff certain defendants appeal.

Affirmed.

*Marion Conklin,* for appellants.
*Wicks, Paige & Lamb,* for respondent.

MORGAN, C. J. This is an action to determine adverse claims to 80 acres of land in Stutsman county. Plaintiff alleges its absolute ownership of the land, and the defendant claims some interest or estate therein adversely to plaintiff. The relief demanded is in the statutory form prescribed by chapter 5, Laws 1901. The defendant Bowdle did not answer. The defendants Beck and Myers answered separately. The defendant Beck claims title as follows: (1) Under a sheriff's certificate of sale issued under the "Woods Law," dated November 21, 1898, for the taxes for the years 1892 and 1893. (2) Under a tax deed dated December 17, 1898, under a sale in 1895 for the tax of 1894. (3) Under a tax deed dated January 11, 1901, under the tax sale of 1897 for the taxes of 1896. (4) Under a tax deed dated January 11, 1901, under the sale of 1897, for the taxes of 1896. The defendant Myers in his answer claims title to the land under a tax deed dated June 25,

1903, under the sale of 1898, for the taxes of 1897. The trial court made findings of fact and conclusions of law to the effect that the plaintiff was the owner of the land, and that the defendants had no right, title or interest thereto. Judgment was entered on the findings, and the defendants Beck and Myers have appealed therefrom and demanded a review of the evidence under section 7229, Rev. Codes 1905.

The plaintiff claims title to the land in controversy under two quitclaim deeds—one from Daniel H. Beck, dated October 21, 1903; and the other from Willis H. Ludlow, dated September 30, 1903. The said grantors were the joint owners of said tract prior thereto. It is undisputed that these grantors were the owners of this land at the time of giving these deeds, unless their titles had been divested by prior tax proceedings. It is claimed that these deeds to the plaintiff were void under the rule laid down in Galbraith v. Payne, 12 N. D. 164, 96 N. W. 258. The contention is that the grantors had taken no rents for more than one year prior to the giving of these deeds and that the land was in the adverse possession of the defendant. No one was occupying the land adversely to the grantors at the time the deeds were delivered. It follows that the facts of this case as to adverse possession at the time of giving the deeds are not so favorable to defendants as were the facts in State Finance Co. v. Beck et al., 15 N. D. 374, 109 N. W. 357. In that case it was held that the deed was not void for champerty, as defined in section 8733, Rev. Codes 1905. We adhere to that decision, and it is decisive of this case on this point.

The further contention is advanced in this connection that the plaintiff cannot maintain the action, for the reason that one of the plaintiff's attorneys, and an officer of the plaintiff corporation, examined the county records and therefore had notice of the defendants' deeds before it purchased the land, and the deeds procured after such examination are in consequence in violation of said section 8733, Rev. Codes 1905. We fail to see any persuasive force in the contention. The invalidity of deeds of land while adversely held by another exists only between the adverse possessors and the grantor. If the title never passed to the defendants under the tax proceedings, the mere fact that the plaintiff examined the records and purchased the land thereafter does not make such section applicable, nor bar plaintiff from bringing an equitable action to determine its rights to the land. It was an unconditional purchase of land of which no one

had actual possession, and it had none of the elements of a champertous contract.

It is further claimed the grant in the Ludlow deed contained a disclaimer of any interest in the property, and that plaintiff is therefore now estopped from claiming any interest in the land as against the tax claimants. The deed contained the following clause: "And it is expressly understood and agreed that, in executing and delivering these presents to the said party of the second part, the said party of the first part makes no representation as to his title to the premises therein described." The granting clause of the deed was as follows: "Does hereby grant, bargain, sell, remise, release, quitclaim and convey." The special clause in the deed was undoubtedly inserted therein to negative any possible claim of liability in case the grantor had no title to the land. It cannot reasonably be construed as showing that the grantor did not then have title to or had abandoned the land.

It is contended on behalf of the plaintiff that the taxes on which the defendants base their title to the land are void for the reason that there was no legal assessment of the land during any of the years that the land was assessed. The land was owned by Daniel H. Beck and Willis H. Ludlow jointly, and it is described as the S½ of SW¼ of section 14, township 139, range 65. The N½ of said SW¼ was owned by Willis H. Ludlow in his own right. The assessment was made in the name of "D. H. Buck." The land was assessed in one parcel or tract, and was described in the assessment roll as the SW¼ of section 14, township 139, range 65. The contention is that there was no assessment at all of the S½ of the SW¼. This was the description of the land as assessed during each of the years for the taxes on which the defendants' titles or liens are based. The interest of Ludlow in the land is not described or mentioned in the tax proceedings or in the deed. If an assessment by such a description is void, then all the proceedings on which the defendants based their titles are void. The assessments were made under the revenue law of 1890 until 1897, and during the latter year and thereafter were made under the revenue law of 1897. So far as the question under consideration is concerned, the two laws are identical. They provide as follows: "He (the assessor) shall actually view when practicable, and determine the true and full value of each tract or lot of real property listed for taxation and shall enter the value thereof in one column," etc. Section 32, c.

132, p. 376, Laws 1890. "The terms 'tract' or 'lot' and 'piece' or 'parcel of real property' and 'piece' or 'parcel of land,' wherever used in this act, shall be held to mean any contiguous quantity of land in the possession, owned by, or recorded as the property of, the same claimant, person or company." Section 1, c. 132, p. 292, Laws 1897. Under these sections it seems plain that the smaller tracts or subdivisions composing a larger tract cannot be assessed as one tract where the land is owned by different persons under recorded titles or in joint ownership. Assessments in one tract of different ownerships or estates in different tracts seem to be inhibited by the sections read, where the different titles are of record. A tract of land belonging to one person partially and assessed to him alone is against the provisions of the sections quoted. There was but one valuation fixed upon this land, and that was upon the SW¼ only. There is no presumption that the N½ of said quarter was of the same valuation as the S½. Ludlow, the owner of the undivided half of the S½ of the SW¼, had no way of ascertaining what sum he should pay as his share of the tax, and the same is true as to what Beck should pay on the N½ of that quarter.

It seems clear that there was no such assessment of this quarter as is contemplated by the statute. Two things seem to be essential before tracts of land can be assessed in a body: (1) The tracts must be contiguous. State Finance Co. v. Beck, supra. (2) Separate ownerships or interests must be separately assessed in tracts corresponding with the ownership or interest. In this case there were two interests at least assessed as one tract; that is, the N½, owned by Beck, and the S½, jointly owned by Beck and Ludlow. We deem this a defect in the assessment of a jurisdictional character. It went to the groundwork of the tax. There was no tax, and no tender was necessary. State Finance Co. v. Beck, supra; Roberts v. Bank, 8 N. D. 504, 79 N. W. 1049; Douglas v. City of Fargo, 13 N. D. 467, 101 N. W. 919. The invalidity is not based on the fact that the owner's name was not given in the assessment roll, but upon the fact that there was no description of the tracts or parcels attempted to be assessed. Hertzler et al. v. Freeman, 12 N. D. 187, 96 N. W. 294.

The invalidity of the assessment is not seriously denied by the appellants. They attempt to show that the invalidity is immaterial, in view of the provisions of section 92, c. 132, p. 376, Laws of 1890, and section 96, c. 126, p. 292, Laws of 1897. These sec-

tions are identical, and, so far as material, read as follows: "When the transfer of any land or town lot or any part thereof becomes necessary by reason of a sale or conveyance, is of less value than the whole tract or lot, or part thereof, as charged on the tax list, said county auditor shall transfer the same whenever the seller and purchaser agree thereto in writing, signed by them, or personally appear before the auditor and agree upon the amount of valuation to be transferred therewith; but if the seller and purchaser do not agree as to the amount of valuation to be transferred, the auditor shall make such divisions of the valuation as may appear to him to be just." These sections have no application to the case under consideration. There was no transfer of the land in question after any of the assessments in question, except that to the plaintiff. There was no change of ownership of the S½ of section 12 between 1887 and 1903 by voluntary deed, and the title and joint interest of Beck and Ludlow in the 80 acres involved in this suit was shown by the records since 1887. In Roberts v. Bank, 8 N. D. 504, 79 N. W. 1049, it was said: "True, section 92 of said chapter 132 provides for certain cases where an entire valuation may be divided and portions thereof transferred to different parts of the tract originally assessed in solido. But, as we construe the section, it applies only to cases where, after the tax list has been delivered to the assessor and before the tax becomes a lien, a portion of the entire tract is transferred. The parties in interest may then appear before the auditor and agree upon the portion of the valuation that may be transferred to the portion of the tract owned by each, or, if they fail to agree, the auditor may make such transfer as may be just. But that section does not apply when the separate ownership of the separate parties appeared of record when the list was prepared.

The defect considered being fatal to all tax proceedings, it is unnecessary to consider the other defects relied upon by the plaintiff. It is also unnecessary to consider the curative provisions relating to defective taxes contained in chapter 166, p. 232, Laws of 1903. This statute does not apply to defects of a fundamental character, such as we hold the assessments in question to be.

The judgment is confirmed. All concur.