STATE FINANCE COMPANY v. W. B. S. TRIMBLE, WILLIAM H. BECK AND VALERIA A. MEYERS.

Opinion filed June 25, 1907.

**Champerty and Maintenance — Knowledge of Defects in Title.**

1. The mere fact that a grantee of a deed of vacant land examined the records of the office of the register of deeds before purchasing the land, and thereby discovered defects in defendants' titles, does not render the deed void for maintenance.

**Tax Certificate — Failure to Erase Inessential Parts.**

2. The fact that portions of a blank certificate of sale of land for taxes, under chapter 67; p. 76, Laws 1897, which apply to a sale under different conditions, are not erased before delivery, does not render such certificate void on its face.

**Original Judgment instead of Copy.**

3. The fact that the sheriff sold land for delinquent taxes under the original judgment, and not under a certified copy thereof is not a jurisdictional defect that renders the sale void.

**Void Deed as Evidence.**

4. A void tax deed is not evidence of a tax sale or of the existence of a tax.

**Payment of Tax as Condition of Relief.**

5. A court of equity will not require the payment of taxes as a condition of relief from a deed, where there has been no assessment for want of a sufficient description of the land.

**Same.**

6. Where there has been a valid assessment and levy, and there exist no other jurisdictional defects, equity will require payment of the tax before relief will be decreed.

**Same — Notice of Expiration of Redemption Period.**

7. Notice of the expiration of time for a redemption under a sale under the "Wood Law" is insufficient, when it erroneously describes the land and does not clearly apprise the owner that his land has been sold and that the time for redemption is about to expire.

**Same — Sufficiency of Description of Land Taxed.**

8. Various descriptions of land in assessment rolls and notices considered, and their sufficiency passed upon.

Appeal from District Court, Stutsman county; *Glaspell,* J.

Action by the State Finance Company against W. B. S. Trimble and others. From a judgment for plaintiff, defendants appeal.

Modified and affirmed.

*Marion Conklin* and *F. G. Kneeland,* for appellants. *John Knauf* and *Wicks, Paige & Lamb,* for respondents.

MORGAN, C. J. Action to determine conflicting claims to real estate. Plaintiff alleges that it is the owner in fee of 160 acres of land situated in Stutsman county, described as follows: The N ½ of the N E ¼ and the S E ¼ of the N E ¼, and the N E ¼ of the S E ¼ of section 12, township 140, range 63—and that the defendants claim certain estates, interests, liens, and incumbrances upon the same adversely to the plaintiff. The relief demanded is that the title to said land be quieted in the plaintiff. The plaintiff claims the ownership of the land by virtue of a deed executed and delivered to it by James E. Dore, dated September 17, 1903. The defendants answered, and alleged their absolute ownership of the land by virtue of certain tax · sale certificates and deeds, as follows: Sheriff's certificate of sale to Wm. H. Beck, under the "Wood Law," dated November 21, 1898. Tax deed to W. H. Beck for 1895 tax, dated January 11, 1901. Tax deed to W. H. Beck for 1896 tax, dated January 11, 1901. The defendant Valeria R. Myers claims title under a deed executed and delivered to David Myers on December 24, 1897. The defendant Trimble claims title by virtue of a tax deed under the 1897 tax, dated June 25, 1903, under the certificate of sale to Beck, which was assigned to him. After a trial, the district court adjudged that the defendants' alleged titles were null and void, and gave judgment for the plaintiff as prayed for. The defendants have appealed from the judgment and request a review of all the evidence in this court, under section 7229, Rev. Codes 1905.

The defendants claim that the plaintiff's title under the Dore deed is void for maintenance. The evidence is the same in this case on that point as in the case of State Finance Co. v. Bowdle, 112 N. W. 76, recently decided by this court. Adhering to that decision as controlling of this case, the objection is held not tenable for the reasons given in that case.

The defendant Beck claims title under a tax deed for the 1895 tax, and also one under the 1896 tax. The objections to the 1895 tax title are: That two tracts were described in one notice of sale, and that two separate tracts were advertised to be offered for sale as one tract, for one sum, as a delinquent tax. The description in the notice of sale was the "N. ½ Se. ¼ Ne. ¼ and Ne. ¼ Se. ¼, Sec. 12, Twp. 140. R. 63—160 acres." This description can mean but one thing, and that is a tract of 20 acres in the N ½ of the S E ¼ of the N E ¼, and 40 acres in the S E ¼. These tracts are separate tracts, and the notice did not properly describe them as such, and they could not be sold as one tract, as was done in this case. This irregularity did not vitiate the tax. This fact rendered the sale incurably void, as there was no such notice of sale as required by the statute. There is no evidence, however, that the assessment was void. It is also claimed that there was no legal levy of a tax this year, for the alleged reason that it was made by the board of equalization, and not by the board of county commissioners. The minutes do not show that the equalization board made the levy, although the record of the levy is shown in a record which seems to have been used by both boards for record purposes. We do not find that the record shows that the levy was not made by the county commissioners. There is nothing, therefore, to rebut the presumption that the officers properly performed their duty. Before the proceedings of county commissioners can be successfully attacked as illegal, the proof must first clearly show the illegal act. Without conceding that the objecwould be tenable, if proven, we conclude that making a record of the levy in a wrong book, in which are also recorded proceedings of the board of equalization, is not even prima facie evidence that the county commissioners did not make the levy. There was, therefore, a valid tax for the year 1895.

Tax deeds were issued to the defendant Beck under the 1896 assessment. The tax on which this deed was issued was inherently void. There was no proper description of the land on the assessment roll. The description of the land as assessed was: "N. ½ and S. E. ¼, N. E. ¼ and N. E. ¼ S. E. ¼, Sec. 12, Twp. 140, R. 63—160 acres." This is not a description of the tract of land attempted to be assessed. When read as punctuated, it is meaningless. In no way can this description be read to be equivalent to the proper description, which is as follows: N ½ of N E ¼

and the S E ¼ of the N E ¼ and N E ¼ of S E ¼. The description was jurisdictionally erroneous. The assessment was void, as well as all subsequent proceedings. There was no tax on which a recovery for the amounts paid can be had. No tender of the tax was necessary in order to maintain the action. Sheets v. Paine, 10 N. D. 103, 86 N. W. 117.

The defendant Beck also claims title under a certificate of sale under chapter 67, p. 76, Laws 1897, commonly known as the "Wood Law." This certificate was dated November 21, 1898. The plaintiff's objections to the title conveyed by this certificate of sale are: (1) That the sheriff sold the land under the original judgment book, and not under a certified copy of the judgment. (2) That the certificate of sale contains unerased statements not applicable to the sale in question, and which should have been erased before the delivery of the certificate. Each of these objections was considered and passed upon in Nind v. Myers (N. D.) 109 N. W. 335, and in State Finance Co. v. Beck, 109 N. W. 357, and held not tenable. That decision is controlling of this case so far as these points are concerned.

The further objection is made to the certificate in this case that the land was not properly described in the published notice of the delinquent tax list. The description was as follows: "The N. ½ S. E. ¼ N. E. ¼, N. E. ¼ S. E. ¼, Sec. 12, Twp. 140, R. 63." The list also contained the name of the person to whom assessed and the amount of taxes, and recited the number of acres as 160. More than three years had elapsed since the certificate of sale was issued before this action was commenced. In view of this fact, we deem it immaterial that this description was an irregular one of the land involved in the tax proceedings. It may be conceded that the judgment was void for want of a correct description in the published list, and that fact not nullify the defendant's title under the sale. This precise question was involved in Nind v. Myers, supra, and decided adversely to plaintiff's contention. The question was exhaustively considered in that case, and we agreed that that decision should not be departed from.

It is further contended that the defendant's tax certificate is of no effect for the alleged reason that there was no proper notice of the expiration of the time for a redemption, and no proper service of the notice. Many of the objections to the notice and

to the service thereof are the same as those covered by the de-. cision in Nind v. Myers, supra, and need not be considered. The exceptions are that the notice did not apprise the owner of the land that his land had been sold for taxes. In other words, there was no proper description of the land. In fact, the land was erroneously described. The description in the notice was as follows: "The N. ½ and the S. E. ¼ of Sec. 12, Twp. 140, R. 63." The land was the N ½ of the N E ¼ and the S E ¼ of the N E ¼, and the N E ¼ of the S E ¼ of section 12, township 140, range 63. This is a description of a different tract than that which was assessed. The description in the notice did not inform the owner that his land had been sold for taxes and that the period for a redemption was about to expire. The notice stated nothing from which it could be inferred even that this land was that which had been owned by and assessed to Maschger, except the fact, stated in the notice directed to him, "that the following piece or parcel of land, of which you appear to be the owner," had been sold under a tax judgment on November 21, 1898. The notice was clearly insufficient to cut off the owner's right of redemption. Section 14, chapter 67, p. 76, Laws 1897, the section which provides for a notice of expiration of time for redemption, is not definite as to what the notice shall contain; but it is clearly necessary that it shall describe the land and the time when the right to redeem expires. Failure to describe the land correctly vitiated the notice, and defendant did not acquire the title thereto under the sale.

The deed under which Trimble claims title was issued in 1903 for the taxes of 1897. This deed is attacked on several grounds, among which is the one that there was no legal notice of sale of the land in 1900. The objection is founded on the want of a correct description. The description in the notice was as follows: "The W. ½ and S. E. ¼ N. E. ¼ and S. E. ¼ N. E. ¼, Sec. 12 Twp. 140, R. 63 containing 160 acres." This is not a description that can be read to mean the land involved in the assessment; that is, the N ½ of N E ¼ and S E ¼ of N E ¼ and N E ¼ of S E ¼. This error in the description rendered the sale void. There was no legal sale; but the invalidity of the tax has not been shown.

More than a year after the appeal to this court was taken plaintiff made a conditional offer to pay the taxes on which the de-

fendants' tax titles are based.  This offer was not accepted, and by its terms was to be considered withdrawn, unless accepted. We do not deem this to be an offer to pay the taxes that should be held effectual to relieve plaintiff from paying any costs.  The offer was made too late, and was conditional.

The district court is directed to modify its judgment to the effect that the title to the land involved in the suit be quieted in the plaintiff upon payment to the defendant Beck of all sums paid and the taxes involved in the "Wood Law" judgment of 1898 under the 1895 assessment.  No costs will be awarded to either party in either court.  All concur.