STATE FINANCE COMPANY, A CORPORATION, v. H. MULBERGER, ET AL., DEFENDANTS, AND WM. H. BECK AND VALERIA R. MYERS, APPELLANTS.

Opinion filed June 27, 1907.

**Taxation — Void Tax Certificate as Evidence.**

1. A certificate of sale of land for the taxes of 1895, which is void for irregularity in the description of land is not any evidence of assessment and levy of a tax.

**Same — Description of Land.**

2. A description of the land assessed is essential to a valid tax, and unless there is such a description there is no assessment, and consequently no tax.

**Same — Effect of Wrong Description of Land in Notices.**

3. Notices of tax sales and notices of the time when redemption will expire must describe the land involved in the tax, and such notices are not effectual without such description.

**Same — Tax Deed.**

4. A tax deed issued in 1898 in the name of a county, and not in the name of the state, is void.

**Same — Notice of Expiration of Period of Redemption.**

5. Service of notice of the time when the period for redemption from a tax sale will expire on the holder of a void tax deed as owner is not effectual for any purpose.

**Same — Description of Land — Sufficiency.**

6. Various descriptions of land in assessments, notices of sale, and notices of expiration of redemption period considered, and their sufficiency passed upon.

Appeal from District Court, Stutsman county; *Glaspell, J.*

Action by the State Finance Company against H. Mulberger, William H. Beck, and another. From a judgment for plaintiff, William H. Beck and another appeal.

Modified and affirmed.

*Marion Conklin* and *F. G. Kneeland,* for appellants. *John Knauf* and *Wicks, Paige & Lamb,* for respondent.

MORGAN, C. J. This is an action to quiet title, and involves the E ½ of the N E ¼ and the S W ¼ of the N E ¼ of section 7, township 139, range 63. The complaint is in the statutory

form, and alleges that plaintiff is the owner in fee of the land. The defendants Beck and Myers answered separately, and denied the plaintiff's ownership of the land, and the defendant Beck claimed to be the absolute owner thereof by virtue of tax deeds and tax certificates subject to the defendant Myers' interest in the same. The plaintiff claims title to the land under a deed from the former owner, L. F. Cale, dated in 1903. The defendant Beck contends that Cale's title had been divested by virtue of tax proceedings which had vested the absolute title to the land in him. The tax titles under which Beck claims are the following: (1) A tax deed dated December 17, 1898, under the sale of the land in 1895 for the tax of 1894. (2) A tax deed dated January 11, 1901, under a sale of the land in 1897 for the tax of 1895. (3) A tax deed dated January 11, 1901, under a sale in 1897 for the tax of 1896. (4) A tax certificate under a sale of the land on November 21, 1898, on a judgment rendered under chapter 67, p. 76, Laws 1897, known as the "Wood Law."

There are many objections brought forward to the defendant's title, identically the same as in the cases just decided between these same parties. State Finance Co. v. Bowdle, 112 N. W.——; State Finance Co. v. Trimble, 112 N. W. 984. These objections, so far as passed upon in those cases, will not here be noticed. The defendants have also raised the same objections to the plaintiff's title as they did in those cases. Those objections will not be further noticed.

It is conceded that the tax deed of 1898 under the sale of 1895 for the taxes of 1894 is void, for the reason that said deed runs in the name of Stutsman county, and not in the name of the state of North Dakota. This question was passed upon in a recent decision of this court in State Finance Co. v. Beck, reported in 109 N. W. 357, and in Beggs v. Paine, 109 N. W. 322.

Appellant Beck introduced in evidence the tax certificate on which this deed was based, and claims that he is entitled to judgment against the plaintiff for the taxes paid by him. This follows, if the sale was a valid one and based on a valid assessment and levy. The plaintiff attacks the sale as not based on a legal notice of sale, alleging that the land was erroneously described. The land was described in the notice as the "E. ½ of S. W. ¼ of N. E. ¼." This was a description of 20 acres only, while the land sold was 120 acres, as evidenced by the certificate. The notice

was fatally defective, and not in compliance with the provisions of the revenue law of 1890. The trial court did not err in refusing to render judgment for the taxes paid at the sale of 1895. There was no proof of a valid tax.

The deed under the 1895 tax, which was issued in 1901, is attacked on various grounds, among them that there was no legal notice of the time when the redemption period expired. This deed is void for that reason. The notice of expiration of the redemption period was not directed to nor served upon the owner of the land. It was served upon H. Mulberger, who claimed to own the land. His title, however, was based on a void tax deed. He was not the actual owner. He was attempting to hold said land under a void tax deed. Service of redemption notice upon the holder of such a deed is not a compliance with the statute. Nind v. Myers, 109 N. W. 335.

The plaintiff also attacks the validity of the defendant Beck's title under the "Wood Law" sale. It is claimed that the title never vested in the defendant, for the reason that no sufficient notice was given of the expiration of the redemption period. The objections are that the description was insufficient and erroneous and that the notice was not served on the owner. One Cale was the owner, unless his title had been divested by prior tax proceedings. Appellant claims that notice was served on Mulberger and one on Beck as owners of the land under prior tax deeds. They were claiming under void tax deeds, and service upon them was not a compliance with the statute. State Finance Co. v. Beck, supra. The deeds under which they claimed were void for want of a proper description in the assessment roll. Each of these deeds was based on an assessment of the land described as follows: "S. W. $\frac{1}{4}$ E$^2$ and S. W.$^4$ N. E.$^4$ Sec. 7, Twp. 139, R. 63." Under previous decisions of this court, since the cases of Power v. Larabee, 2 N. D. 141, 49 N. W. 724, and Power v. Bowdle, 3 N. D. 107, 54 N. W. 404, 21 L. R. A. 328, 44 Am. St. Rep. 511, such descriptions in the assessment roll have been held to be no descriptions at all, and that they are not a proper foundation for subsequent tax proceedings. See, also, Nind v. Myers, supra.

The defendant Beck concedes that the deed given for the 1896 tax was void because of the insufficiency of the description of the land in the notice of sale. He contends, however, that the

taxes paid by him should be held valid, and judgment entered that plaintiff shall pay the same. If the sale was void, as conceded, then the certificate could have no evidentiary force to establish a tax.

The assessment for the year 1897 is attacked on the ground that there was no description of the land in the assessment roll. A tax deed was issued in 1901 under this assessment. The land was described in the assessment roll and in the deed as the "E. ½ S. W. ¼ N. E. ¼," section 7, township 139, range 63, containing 120 acres. This description was only at best a description of 20 acres, and it cannot possibly be said to describe 120 acres without adding to the description, which is not permissible. The mere fact that it is said to contain 120 acres does not help out the description. If by any means the description in the assessment roll could be read to mean 120 acres, then it might be that the numbers, read in connection with the description, might make the description definite and certain. This defective description vitiated the assessment and all subsequent proceedings. There was no valid tax, and no judgment can be rendered against the plaintiff for the same.

It follows that plaintiff is entitled to a judgment declaring all the adverse claims of Beck and Myers null and void upon payment of the tax on which the land was sold under the "Wood Law" and the taxes paid under the 1895 assessment. The district court is directed to modify its judgment in this particular. No costs will be allowed to either party in either court.

Modified and affirmed. All concur.