(122 N. W. 333.)

MARY S. HODGSON v. STATE FINANCE COMPANY ET AL.

Opinion filed June 12, 1909.

**Taxation — Description of Land.**

1. A sufficient description of the property intended to be assessed and taxed is essential to a valid tax.

**Taxation — Redemption — Service on Holder of Void Tax Deed.**

2. Service of the notice of the time when the period for redemption from a tax sale will expire on the holder of a void tax deed as owner, is not effectual for any purpose.

**Same — Notice of Redemption.**

3. Service of the notice of the time when the period for redemption from a tax sale will expire must be made upon the owner of the land personally, if known to be a resident of the state; but if the owner be a nonresident, service shall be made by registered letter, addressed to the owner's last known post office address, and must also be served personally on the person in possession.

**Same — Tax Sale Certificate.**

4. Tax sale certificates, barred by the provisions of chapter 165, page 220, Laws 1901, are not liens on the land. ·

**Taxation — Mortgage Foreclosure — Injunction by Owner under Tax Deed.**

5. The purchaser of land at a tax sale cannot avail himself of the ex parte remedy provided by section 7454 of the Revised Codes of 1905 to enjoin the foreclosure of a mortgage.

**Laches.**

6. Under the evidence in this case, the plaintiff cannot complain of the laches of the defendant and its predecessors in interest prior to the mortgage foreclosure.

**Taxation — Mortgage Foreclosure — Rents and Profits During Period of Redemption.**

7. The purchaser at a mortgage foreclosure is, under the facts in this case, entitled to the rents and profits during the period of redemption.

Appeal from District Court, Sargent county; *Allen, J.*

Action by Mary S. Hodgson against the State Finance Company and others. Judgment for the Finance company, and plaintiff appeals.

Modified and affirmed.

*E. C. Wolfe, J. E. Bishop* and *C. D. Austin,* for appellant.

*Wicks, Paige & Lamb,* for respondents.

CARMODY, J. This case is here for trial de novo of all the issues pursuant to an appeal by plaintiff, who, claiming to be the owner in fee of the southeast quarter of section 22 in township 131 N., of range 56 in Sargent county, N. D., brought this action in statutory form to determine adverse claims. Defendant State Finance Company answered, claiming to be the owner and holder of a certificate of mortgage foreclosure sale, which certificate was based upon the foreclosure of a first mortgage of the premises, and denying that the plaintiff had any title, right, estate, lien or interest in, or upon said land, or any part thereof. The plaintiff claims title to said land by virtue of three tax deeds; one running to J. H. Devenney, based on the 1895 tax sale for the taxes of 1894; a special warranty deed from said Devenney to E. J. Hodgson, husband of the said plaintiff; a warranty deed from E. J. Hodgson and Mary S. Hodgson, his wife, to Lucille Hodgson, and a deed from said Lucille Hodgson to the plaintiff, and also by virtue of two certain other tax deeds, running to plaintiff, dated September 16, 1904, one for the taxes of 1897, and one for the taxes of 1898. Plaintiff is the owner of tax sale certificates based on sales for the taxes of 1887, 1892, 1893, 1895, 1896 and 1900, and holds receipts for the taxes of 1888, 1889, 1890, 1891, 1899 and 1901 paid as subsequent taxes under said sales. The defendant having obtained a sheriff's deed before the trial of this action on account of the mortgage foreclosure sale mentioned in its answer, claims to be the owner of the patent title to said land under said mortgage foreclosure. On July 24, 1885, one Sarah E. Bowen, who was the owner of said land, made and delivered to one A. P. Blunt her certain mortgage deed of said land to secure her note to said Blunt, of even date, for the sum of $300. That some time during the year 1896 she abandoned said land, and removed from this state. That in the year 1900 she died, leaving four minor children. The said A. P. Blunt died intestate, at Manchester, in the state of New Hampshire, which was the place of his residence. On the 1st day of November, 1889,

Mary A. Blunt was appointed administratrix of his estate, and was on the 16th day of February, 1904, the duly appointed and acting administratrix of the said estate, and on that date, as such administratrix, assigned by an instrument in writing the mortgage hereinbefore mentioned, and the indebtedness evidenced thereby, to this defendant. Said mortgage and assignment are both recorded in the office of the register of deeds in and for the said county of Sargent. On May 2, 1904, the defendant duly foreclosed said mortgage, and became the purchaser of the mortgaged premises at the foreclosure sale, and obtained a sheriff's certificate of sale thereof, which said certificate of sale is recorded in the office of the register of deeds. That no redemption was made from said foreclosure sale, and on May 3, 1905, a sheriff's deed was duly issued to said defendant. The plaintiff and her predecessor under said tax deeds and certificates of sale were in possession of said premises by tenant for a period of about six years, and collected about $100 as rental for said premises. On the 23d day of April, 1904, the district court of Sargent county made an order enjoining the foreclosure of the mortgage herein mentioned, which order was, without notice to plaintiff, vacated on the 2d day of May, 1904. The trial court made findings of fact and conclusions of law, on which judgment was entered adjudging and decreeing that the defendant State Finance Company is the owner in fee simple of said land, and that plaintiff has no estate or interest in, or lien or incumbrance upon, said premises, except that she holds tax sale certificates for the taxes of 1896, 1897, 1898 and 1900, with 1899 and 1901 taxes paid as subsequent thereto, which are liens on said land. From which taxes and tax sales the said defendant is authorized to redeem, and to be allowed, as credit on the legal amount required to redeem, the sum of $100 collected by plaintiff and her grantor as rent for said land, from which judgment this appeal is taken.

Appellant asks a reversal or modification of the judgment, on the grounds that the tax deeds mentioned are valid, but, if invalid, that she is at all events entitled to an equitable lien upon the land for the total amount paid on the tax sales, and other taxes paid against the land; that the defendant is not in any event entitled to the rents of said land, or to have the amount thereof credited to it on account of redemptions from the tax sales of said land; that the statute of limitations had run against the Blunt mortgage, and

foreclosure of said mortgage had become barred in law and equity by the laches of defendant and its predecessors in interest prior to the alleged foreclosure; and the foreclosure sale of the Blunt mortgage was enjoined by an order of the judge of the district court, which was in force at the time of the alleged foreclosure sale, because of which order said alleged sale is void. The tax deed to John H. Devenney based on the taxes of 1894, runs in the name of the county of Sargent as grantor, instead of the state of North Dakota, and was absolutely void for that reason. State Finance Co. v. Beck, 15 N. D. 374, 109 N. W. 357; Beggs v. Paine, 15 N. D. 436, 109 N. W. 322. The tax deeds issued for the taxes of 1897 and 1898 are void. There was no proper service of the notice of the expiration of redemption. Section 1289 of the Revised Codes of 1899 requires notice to be addressed to the person in whose name the land was assessed, and it requires that this notice be served upon the owner of the land personally, if known to be a resident of the state; but, if the owner be a non-resident, service shall be made by registered letter, addressed to the owner's last known post office address. This service by registered mail is required in all cases where the owner is a nonresident, in addition to service by publication, and in addition to service upon the person in possession. The notice was not mailed to the then record owner, nor to Sarah E. Bowen, nor her heirs; it appearing on the trial of this action that she was not living at the time the notice was given, but was survived by four minor children. There was no service made upon Frank Anderson, the person in possession of the land. The only service made, or attempted to be made by registered mail, was upon John H. Devenney. The auditor, in serving, or attempting to serve, the notice on John H. Devenney by registered mail, undoubtedly proceeded on the theory that he having the tax deed was the owner of the land, and the only person entitled to notice. His tax deed was void on its face, and notice to him was insufficient. State Finance Co. v. Beck et al., supra; State Finance Co. v. Mulberger, 16 N. D. 214, 112 N. W. 986.

Frank Anderson was the person in possession within the meaning of the law, and notice should have been served upon him. Bradley v. Brown, 75 Iowa, 180, 39 N. W. 258; Hintrager v. McElhinney, 112 Iowa, 325, 82 N. W. 1008, 83 N. W. 1063. The taxes for the years 1887, 1888, 1889, 1890 and 1891 were void on their

face. They described no land. The only attempted description is the "S. E. 4." This court has held several times that such description makes the taxes jurisdictionally void. Power v. Larabee, 2 N. D. 141, 49 N. W. 724; O'Neil v. Tyler, 3 N. D. 47, 53 N. W. 434; Roberts v. Bank, 8 N. D. 504, 79 N. W. 1049; Sheets v. Paine, 10 N. D. 103, 86 N. W. 117; Eaton v. Bennett, 10 N. D. 346, 87 N. W. 188; State Finance Co. v. Beck et al., 15 N. D. 375, 109 N. W. 357; State Finance Co. v. Mather, 15 N. D. 386, 109 N. W. 350; State Finance Co. v. Mulberger, 16 N. D. 214, 112 N. W. 986; State Finance Co. v. Trimble, 16 N. D. 199, 112 N. W. 984. Plaintiff holds three other certificates, one issued in 1893 for the taxes of 1892, one issued in 1894 for the taxes of 1893, and one issued in 1896 for the taxes of 1895, which were disallowed by the district court, and we think correctly. These certificates are barred by the provisions of chapter 165, page 220, Laws 1901. State Finance Co. v. Mather, 15 N. D. 386, 109 N. W. 350. The injunction, issued at the request of appellant, restraining the foreclosure of the mortgage by advertisement, was improvidently issued. The plaintiff was not the mortgagor, and was not claiming title to the mortgaged premises under and in privity with the original mortgagor. Her only title to the premises was by tax deed, and she was not entitled to avail herself of the ex parte remedy provided by section 7454, Rev. Codes 1905, to enjoin the foreclosure of a mortgage, and cannot complain of its dissolution. Scott & Wheeler v. District Court, 15 N. D. 259, 107 N. W. 61. The appellant admits that there was no statutory limitation applicable to this mortgage, limiting the time within which it might be foreclosed by advertisement. We do not think that the plaintiff can complain of the laches of the defendant and its predecessors in interest prior to the mortgage foreclosure. State Finance Co. v. Halstenson, 17 N. D. 145, 114 N. W. 724.

But one other question remains. The trial court allowed defendant, as an offset to plaintiff's tax liens, $100, being the rent collected by the plaintiff and her predecessor in interest, E. J. Hodgson. This was error, as the most it was entitled to was the rent for the years of 1904, 1905 and 1906, being seventy-five dollars in all, which was collected after the foreclosure of the mortgage. The district court is directed to modify judgment in this particular. No costs will be allowed either party in this court.

Modified and affirmed. All concur.

MORGAN, C. J., not participating.