# INGA TRONSRUD v. FARM LAND FINANCE COMPANY.

(129 N. W. 359.)

**Taxation — Tax Sale — Notice of Redemption.**

Service of the notice of the time when the period for redemption from a tax sale will expire must be made upon the owner of the land personally, if known to be a resident of the state; but, if the owner be a nonresident, service shall be made by registered letter addressed to the owner's last known postoffice address, and must also be served personally upon the person in possession.

Opinion filed December 31, 1910.

Appeal from District Court, Sargent county; *Honorable F. P. Allen,* J.

Action by Inga Tronsrud against Farm Land & Finance Company. From a judgment in favor of plaintiff, defendant appeals.

Affirmed.

*Purcell & Divet,* for appellant.

*O. S. Sem,* for respondent.

CARMODY, J.  This action was brought in statutory form to determine adverse claims to the following described land, situated in the county of Sargent and state of North Dakota, to wit: The east half of the southwest quarter and lots Nos. 3 and 4 of section 31, township 132, north of range 56 west.  On August 24th, 1891, plaintiff obtained the government patent for the land in controversy, and recorded the same in the office of the register of deeds of Sargent county on January 18th, 1893; and was at the time of the trial of this action the owner of the land, unless devested thereof by reason of the tax deed hereinafter mentioned, and under which tax deed appellant claims title.  Appellant claims title under the tax deed issued February 4th, 1904, for the taxes of the year 1899.  The court held that the taxes and tax sale were valid, but the deed was ineffectual as a conveyance of title, because no notice of the expiration of the redemption period was served on plaintiff, Inga Tronsrud, and decreed the plaintiff to be the owner of the land subject to a lien for taxes paid by appellant.  The defendant appeals from the judgment, without demanding a retrial of the entire case, and specifies that it desires a review of specific questions of fact only, being the specific facts that would be embraced in the ultimate question, was notice of the expiration of the period of redemption given to Inga Tronsrud?  The findings show that in the year 1899, plaintiff, Inga Tronsrud, was the owner of the land; that in the year 1899, and each year thereafter until 1904, the land was assessed in the name of Inga Frangsrud; that on the 4th day of December, 1900, such land was sold for the 1899 taxes to E. E. Hughson, to whom a certificate of sale was issued; that said certificate of sale was by said Hughson assigned to one D. F. Vail; that Vail paid the taxes for the years 1900, 1901, and 1902; that on the 28th day of September, 1903, said Vail presented said certificate of sale to the county auditor of Sargent county, who thereupon gave due and legal notice of the expiration of the period of redemption from said sale, aforesaid, to Inga

Frangsrud, the party in whose name said land was assessed, and caused the same to be placed in the hands of the sheriff of Sargent county for service, and the same was duly and legally served upon said Inga Frangsrud; that on the 4th day of February, 1904, the auditor of Sargent county duly issued his deed of said premises to D. F. Vail; that said Vail duly sold and conveyed the premises to appellant; that no notice of the expiration of the period of redemption from the tax sale aforesaid was ever served upon Inga Tronsrud, or notice thereof given to her.

The appellant specifies ten questions of fact which it desires this court to review, but all go to the question as to whether notice of the expiration of the period of redemption was given to plaintiff, Inga Tronsrud.

The evidence shows that on the 28th day of September, 1903, the county auditor of Sargent county issued a notice of the expiration of the period of redemption in due and legal form to Inga Frangsrud, and addressed to her a registered letter containing such notice, at Harlem, North Dakota, her last known postoffice address, which letter was returned to the county auditor uncalled for. The notice of the expiration of the period of redemption was on the 1st day of October, 1903, delivered to the sheriff of Sargent county for service, and was returned by him on said 1st day of October, 1903, with his return indorsed thereon that said land was unoccupied; that he made diligent search and inquiry to serve the same upon Inga Frangsrud, but was unable to serve the same upon her, for the reason that said Inga Frangsrud was not a resident of Sargent county and state of North Dakota.

There is no proof that service was made by publication, except the recitals in the deed issued by the county auditor to said Vail.

D. J. Johns, the sheriff of Sargent county, sworn as a witness for appellant, testified that he found no person occupying the land. On cross-examination he testified that he drove across the corner of section 31; that the country around there was not settled; that he was looking for Inga Frangsrud; did not find her; inquired about her of a hired man working on a neighboring farm about a half a mile or a mile from the land; that witness could not say who was in the posession of the land in 1899, 1900, 1901, 1902, 1903, or 1904; that he could not find anybody on the land; could not say whether he drove

up to the buildings; did not know whether there were any buildings on the land; supposed if there were buildings he drove up to them; did not remember; if there was anyone on the land he would have found him and served the notice to him.

Plaintiff testified by deposition that her name was Inga Tronsrud; that she was in the possession of the land during the years 1899, 1900, 1901, 1902, 1903, and 1904; that no notice of the expiration of the period of redemption was served upon her; that she thought her husband attended to the payment of the taxes.

Section 106, chapter 126, Laws of 1897, being the law under which the sale was made, requires notice to the person in whose name the land was assessed, and it requires that this notice be served upon the owner of the land personally, if known to be a resident of the state; but, if the owner be a nonresident, service shall be made by registered letter addressed to the owner's last known postoffice address. This service by registered mail is required in all cases where the owner is a nonresident, in addition to service by publication and in addition to service upon the person in possession. The notice was not mailed to the then record owner, Inga Tronsrud, the plaintiff in this action. The only service made, or attempted to be made by registered mail or otherwise, was upon Inga Frangsrud. Inga Tronsrud, the plaintiff herein, was the owner of the land within the meaning of the law, and notice should have been served upon her. No notice having been served upon her, the tax deed issued to D. F. Vail February 4, 1904, is void as a conveyance of title. See Hodgson v. State Finance Co. 19 N. D. 139, 122 N. W. 336.

The judgment appealed from is affirmed. All concur.